FILED IN CHAMBERS
U.S.D.C. Rome
Jul 11 2011
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EVERITTE QUARLES,

      Plaintiff,

      v.

GARRETT HAMLER, a/k/a SEAN GARRETT, a/k/a SEAN GARRETT HAMLER,

      Defendant.

CIVIL ACTION

NO. 1:10-CV-1787-RLV

O R D E R

This action under The Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. to recover overtime compensation, liquidated damages, attorneys fees, and costs comes before the court on the plaintiff's motion for partial summary judgment [Doc. No. 47].

In his motion, the plaintiff asks this court to enter summary judgment on certain defenses that the defendant has asserted in his pleadings, that the plaintiff argues are frivolous. In response, the defendant argues that the plaintiff's motion is without merit and premature, in that the motion was filed before the closure of discovery and he needs time to adequately respond. Moreover, the defendant asks this court to deny the plaintiff's motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.[1]

---

[1] The defendant has recently filed a motion to voluntarily dismiss several of the defenses, which are the subject of the plaintiff's current motion. While this motion has not been fully briefed, the voluntary dismissal of some, or all, of the defenses by the defendant may render portions of the plaintiff's current motion moot.

Because the defendant needs discovery to respond to the plaintiff's motion to summary judgment, the plaintiff's motion for summary judgment is premature and due to be denied. In essence, the plaintiff requests that this court short-circuit the discovery process and deprive the defendant of his opportunity to conduct reasonable discovery related to his defenses. As stated above, the plaintiff seeks for this court to determine that most of the defendant's defenses are frivolous. However, the record in this case has not been fully developed, and the defendant is entitled to conduct discovery to develop the record in this matter so that it can properly respond to the plaintiff's motion for partial summary judgment.

For the above reasons, the plaintiff's motion for partial summary judgment [Doc. No. 47] is DENIED pursuant to Rule 56(f). After the close of discovery, the parties may file any appropriate motions.

SO ORDERED, this 11th day of July, 2011.

ROBERT L. VINING, JR.
Senior United States District Judge