UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EVERITTE QUARLES,

      Plaintiff,

    v.

GARRETT HAMLER a/k/a SEAN
GARRETT, a/k/a SEAN GARRETT
HAMLER,

      Defendant.

CIVIL ACTION

NO. 1:10-CV-1787-RLV

## O R D E R

The plaintiff brings this action pursuant to the Fair Labor Standards Act, seeking overtime compensation as an "employee" of the defendant. Currently before the court is the defendant's oral motion to bar the case by the doctrine of judicial estoppel. For the reasons set forth below, the defendant's motion is DENIED.

## I. Background

At a hearing on October 22, 2012, the defendant moved to bar the case by the doctrine of judicial estoppel. The defendant seeks to bar the plaintiff from asserting that he was an employee of the defendant because the plaintiff had told both the IRS and the Federal Housing Administration on separate occasions that he was self-employed through his company Stonewall Security.

The defendant argues that because the plaintiff made these representations to other entities, the plaintiff should be labeled

an "independent contractor" for purposes of the FLSA, which will result in the case being dismissed.

The plaintiff contends that judicial estoppel does not apply because the defendant cannot show that the elements of judicial estoppel are met. First, because the definition of employee under the FLSA is substantially broader than the common law definition of employee, there is no inconsistency in claiming independent contractor status under the Internal Revenue Code and employee status under the FLSA. Second, judicial estoppel requires an inconsistent statement made in a prior judicial proceeding, which the defendant cannot show.

## II. Discussion

In order to invoke judicial estoppel to bar the case, the defendant must establish three elements: (1) the plaintiff's position is clearly inconsistent with his prior position; (2) the plaintiff persuaded a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and (3) the plaintiff advancing the inconsistent position would derive an unfair advantage. Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir. 2010).

2

The seminal case in the Eleventh Circuit on the theory of judicial estoppel is Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002). Incorporating the standards enumerated by the Supreme Court, Burnes outlined two primary factors for establishing the bar of judicial estoppel:

> First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system.

Burnes, 291 F.3d at 1285. Inconsistency is the most crucial factor for judicial estoppel. Riveria Beach v. That Certain Unamed, 649 F.3d 1259, 1273 (11th Cir. 2011) (holding that "without inconsistency there is no basis for judicial estoppel and no reason even to reach the other two factors").

## 1. There was no inconsistent statement

First, the plaintiff did not necessarily make an inconsistent statement. The FLSA's test for employee is significantly broader than the test for employee under the Internal Revenue Code. See, e.g., Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 326 (1992) (noting the "striking breadth" of the definition of employee under the FLSA); Wolf v. The Coca-Cola Co., 200 F.3d 1337, 1343 n.4 (11th Cir. 2000); Rev. Rul. 87-41, 1987-1 C.B. 296, 1987 IRB LEXIS 254

(applying the common law test for employee in various tax contexts).

In concluding that there was not necessarily an inconsistent statement, this court found a case in the Fifth Circuit instructive. In Hopkins v. Cornerstone Am., 545 F.3d 338 (5th Cir. 2008), the court held that judicial estoppel does not preclude an employee from claiming employee status under the FLSA while simultaneously claiming independent contractor status under another statute because "it is legally possible to be an employee for purposes of the FLSA and an independent contractor under most other statutes."

In Hopkins, one of the plaintiffs in an FLSA overtime action previously asserted that he was an independent contractor in a lawsuit involving a statute governed by a hybrid economic realities/common law test for employee status, which "focuses on traditional agency notions of control." Id. at 347. The Fifth Circuit reversed the trial court's application of judicial estoppel, holding that there was no inconsistency because "it is legally possible to be an employee for purposes of the FLSA and an independent contractor under most other statutes." The Fifth Circuit cited the U.S. Supreme Court decision which noted that the FLSA "stretches the meaning of 'employee' to cover some parties who

4

might not qualify as such under a strict application of traditional agency law principles." Hopkins, 545 F.3d at 347 (citing Nationwide Mut., 503 U.S. 326).

The defendant further contends that the purpose of the doctrine in the Fifth Circuit case is distinguishable from the purpose in the Eleventh Circuit. The defendant contends that the purported purpose of the judicial estoppel doctrine articulated by the Eleventh Circuit in Burnes "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing position according to the exigencies of the moment." (Pl.'s Brief 6 [Doc. No. 107].) The defendant contends that the purpose in the Fifth Circuit is "to protect the essential integrity of the judicial process by reducing the risk of inconsistent court determinations." (Id. at 8.) However, a fair reading of both cases leads this court to conclude that the purpose is the same, although articulated differently, and the factors employed by Burnes are consistent with Hopkins's approach.

## 2. Statement was not made in a prior judicial proceeding

Even if the defendant could show that the statements were inconsistent, the defendant cannot show that the prior statement was made in a previous judicial proceeding. Statements made in tax returns are not "prior proceedings" for purposes of judicial

5

estoppel. This is consistent with decisions from other circuit courts. See, e.g., Kaiser v. Bowlen, 455 F.3d 1197, 1204 (10th Cir. 2006) (holding that a legal position taken in a tax return cannot support judicial estoppel); Atl. Limousine, Inc. v. NLRB, 243 F.3d 711, 715 n.2 (3d Cir. 2001) (holding that judicial estoppel only applies to positions taken in legal proceedings and does not apply to statements made in a tax return).

## III. Conclusion

Therefore, having considered the defendant's oral motion to bar the case, the court DENIES the motion [Doc. No. 101].

SO ORDERED, this __28th__ day of November, 2012.

ROBERT L. VINING, JR.
Senior United States District Judge