UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EVERITTE QUARLES,

        Plaintiff,

    v.

GARRETT HAMLER a/k/a SEAN
GARRETT, a/k/a SEAN GARRETT
HAMLER,

        Defendant.

CIVIL ACTION

NO. 1:10-CV-1787-RLV

## O R D E R

The plaintiff brings this action pursuant to the Fair Labor Standards Act, seeking overtime compensation as an "employee" of the defendant. Currently before the court is the plaintiff's renewed motion for summary judgment on the defendant's fourth affirmative defense, i.e., the employer/employee relationship under the FLSA [Doc. No. 110]. For the reasons set forth below, the plaintiff's motion is DENIED.

### I. The parties' positions

The plaintiff alleges that he was employed, without a written contract, by the defendant as a personal assistant and bodyguard for approximately 5 years, from 2005 until December 2009. The defendant, Sean Garrett, is a well-known singer, rapper, songwriter, and record producer. The defendant has produced 15

"number one" singles and been nominated 16 times for a Grammy award.

The plaintiff contends that he worked in excess of 70 hours per week, 7 days a week, and he was only permitted 13 days off in 2007. The plaintiff alleges that he was not properly compensated for overtime hours. Conversely, the defendant contends that the plaintiff was an independent contractor and not an employee of the defendant.

## II. Standard of Review

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The court should view the evidence and any inference that may be drawn in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the non-moving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1987).

## III. Discussion

### A. The Fair Labor Standards Act

This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. The plaintiff is seeking overtime wages that accrued from his security work performed for the defendant. The plaintiff has moved for summary judgment on the issue of the plaintiff's employment status.

The obligations of the FLSA apply only to "employees," not independent contractors. Freund v. Hi-Tech Satellite, Inc., 185 F. App'x 782, 782 (11th Cir. 2006). The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Whether an entity is an employer within the meaning of the FLSA is a legal question, with subsidiary findings considered issues of fact. Patel v. Wargo, 803 F.2d 632, 634 n.1 (11th Cir. 1986).

"The test of employment under the [FLSA] is one of 'economic reality.'" Tony and Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 301 (1985) (citation omitted). Several factors guide the inquiry into whether an individual is an employee or independent contractor, including:

(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
(2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;

3

(3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
(4) whether the service rendered requires a special skill;
(5) the degree of permanency and duration of the working relationship;
(6) the extent to which the service rendered is an integral part of the alleged employer's business.

Freund, 185 F. App'x at 783. These factors are meant to assist the court in gauging the *economic dependence* of an alleged employee on the alleged employer. Importantly, the courts look at all of the surrounding circumstances to determine whether the putative employee is economically dependent upon the alleged employer. Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 33 (1961); Aimable v. Long & Scott Farms, Inc., 20 F.3d 434, 439 (11th Cir. 1994). "No one factor is determinative, and each factor should be given weight according to how much light it sheds on the nature of the economic dependence of the putative employee on the employer." Perdomo v. Ask 4 Realty & Mgmt., Inc., 298 F. App'x 820, 821 (11th Cir. 2008) (citing Antenor v. D & S Farms, 88 F.3d 925, 928-33 (11th Cir. 1996)).

## B. Economic reality factors

The central inquiry requires the court to view the surrounding circumstances to determine whether the putative employee is economically dependent upon the alleged employer. In analyzing the

4

economic reality factors, it is clear that there remains key factual disputes that prevent this court from deciding as a matter of law that the plaintiff was not an independent contractor. In order to resolve these disputes, the court would be required to make credibility determinations, which the court cannot do.

For example, the plaintiff contends that the defendant was his only source of income. However, the defendant contends that he never told the plaintiff that he couldn't work for anyone else. Second, the defendant points to at least one document in which the plaintiff swore under oath that he was self-employed and that his monthly income was $12,271 for the month of May 2007. The defendant put forth evidence that the plaintiff was paid $6000 by the defendant for the month of May 2007. The plaintiff counters by testifying that his mortgage broker told him to put his wife's income on the mortgage application.

Additionally, the defendant testified that the plaintiff made his own schedule and came to work when he felt like it. The defendant testified that he did not require the plaintiff to maintain any particular schedule or work over 40 hours a week. The defendant also testified that he never instructed the plaintiff on how to perform his duties.

The plaintiff contends that he worked in excess of 70 hours per week, 7 days a week. The plaintiff testified that he did not make reports to the defendant about how the plaintiff was performing security duties. The plaintiff also testified that the defendant would call him and require the plaintiff to provide protection while the defendant was at his studio.

Therefore, because the court concludes that there remains genuine disputes of fact over the degree of the plaintiff's economic dependence as well as key aspects of the economic reality test, the court cannot grant summary judgment as a matter of law.

## IV. Conclusion

For the reasons stated above, the court DENIES the plaintiff's renewed motion for summary judgment [Doc. No. 110].

SO ORDERED, this **28th** day of November, 2012.

ROBERT L. VINING, JR.
Senior United States District Judge